**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4892**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JEROME KINTE FARMER,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, Senior District Judge.  (5:02-cr-00312-H-1)

Submitted:  July 10, 2009         Decided:  July 20, 2009

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Kinte Farmer appeals his sentence to twenty-four months in prison imposed in the district court's judgment revoking supervised release. On appeal, Farmer does not challenge the district court's finding that he violated the conditions of his supervised release, but he contends that his sentence is plainly unreasonable. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. While a district court must consider the Chapter 7 policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B (2007), and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the district court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 438-39. Only if we find the sentence procedurally or substantively unreasonable, must we decide whether it is "plainly" unreasonable. Id. at 439.

The district court properly determined that Farmer's Chapter 7 policy statement range was twenty-four months. See 18 U.S.C. § 3583(e)(3) (2006); USSG § 7B1.4. In imposing its

2

sentence, the district court noted that it had considered the policy statements in Chapter 7, and the court sentenced Farmer to twenty-four months in prison. While Farmer acknowledges his sentence "comported with the advisory guideline imprisonment," he contends it "contravenes the policy articulated in Chapter 7, and the sentence is therefore plainly unreasonable."

Specifically, Farmer argues his sentence runs afoul of Chapter 7 commentary explaining a revocation sentence "should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." See USSG ch. 7, pt. A, cmt. 3(b). We disagree. The same commentary notes revocation policy statements provide "for three broad grades of violations [that] permit proportionally longer terms for more serious violations." Id. It is undisputed that Farmer's most serious violation was Grade A, and with a criminal history category IV and two-year statutory maximum, his Chapter 7 range was twenty-four months. We conclude Farmer's sentence comports with Chapter 7 and is not plainly unreasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED